# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JOHN ANTHONY DOYLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV420-254 |
| ) | |
| AMANDA KELLEY, PATRICK ) | |
| DOHERTY, and COREY ) | |
| STEVENS, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff John Anthony Doyle submitted a 42 U.S.C. § 1983 Complaint in October 2020 when he was a prisoner at the Chatham County Detention Center. Doc. 1. District Judge Dudley Bowen[1] screened his Complaint pursuant to 28 U.S.C. § 1915A and approved it for service. Doc. 7 at 5. Plaintiff subsequently filed a notice indicating that his address changed from the Chatham County Detention Center to 5469 Gate Road, Tamarac, FL 33319. Doc. 17.

Defendants filed a Motion to Compel Discovery explaining that they served their interrogatories and requests for production on Plaintiff at

---

[1] The case has since been reassigned to Chief Judge Hall. *See* doc. 8 at 6.

1

both his prior and updated addresses, and that he did not respond before his deadline to do so. Doc. 18 at 2-3. They also explained that he did not respond to their deficiency letter pursuant to Fed. R. Civ. P. 37, and that he "has not served any discovery requests of his own or corresponded with Defendants in any way, except for the Notice of Change of Address, which Defendants received via the Court's CM/ECF electronic notification system." *Id.* at 3. Plaintiff has not responded to the Motion to Compel Discovery, and his deadline to do so has run. *See generally* docket; S.D. Ga. L. Civ. R. 7.5.

The Court subsequently directed Plaintiff to show cause why the entire case should not be dismissed for his failure to prosecute with reasonable promptness. Doc. 20 at 2-3 (citing Fed. R. Civ. P. 41(b)). After Plaintiff failed to respond to that Order before his deadline to do so, Defendants filed a Motion to Dismiss for Plaintiff's failure to prosecute this action. Doc. 21. Plaintiff has not responded to the Motion to Dismiss before his deadline to do so. *See generally* docket.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts

have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Accordingly, the Court **RECOMMENDS** that this case be **DISMISSED** for Plaintiff's failure to comply with the Court's Order, doc. 20, and his failure to prosecute the case.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 29th day of December, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA